# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN FIORETTI,**
**JAMES BUTTS**

       **Plaintiffs,**

**-vs-**               **Case No. 6:10-cv-72-Orl-18KRS**

**NEW SOUTH INDUSTRIES, INC., NANCY**
**FLEISCHER,**

       **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' RENEWED MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 33)**
>
> **FILED:** November 1, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

## I. PROCEDURAL HISTORY.

On June 18, 2010, Plaintiffs John Fioretti and James Butts filed a second amended complaint against Defendants New South Industries, Inc. and Nancy Fleischer. Doc. No. 16. Plaintiffs alleged that Defendants failed to pay overtime compensation due under the Fair Labor

Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. They also sought liquidated damages, attorneys' fees, and costs. *Id.*

The second amended complaint was served on Defendants in July 2010. Doc. Nos. 17, 18. Defendants failed to respond as required by law. The Clerk of Court entered a default against Defendants on August 9, 2010. Doc. No. 20.

Plaintiffs now seek entry of a final default judgment against both Defendants. Doc. No. 33. Plaintiffs filed affidavits of damages in support of the motion, as well as a cost statement in support of their request for costs. Doc. Nos. 33-5, 33-6, 33-7. Defendants have not responded to the motion as of the time of writing this report, and the time for doing so has passed.

## II. ALLEGATIONS OF THE COMPLAINT and EVIDENCE OF DAMAGES.

Plaintiffs allege that New South installed high impact windows and doors manufactured by various companies outside of Florida in commercial buildings. Doc. No. 16 ¶ 6. Fleicher owed and operated New South and regularly exercised authority to hire and fire employees, determine employee work schedules, and control the finances and operations of New South. *Id.* ¶ 7. Plaintiffs believe that the annual gross revenue of New South was more than $500,000 per year. *Id.* ¶¶ 15, 16.

Defendants hired Butts in September 2004 as an hourly paid installer. He worked installing high impact windows and doors on commercial buildings. *Id.* ¶ 21.

Defendants hired Fioretti in August 2007 as a non-exempt hourly paid field project manager. *Id.* ¶¶ 16, 20. Among other duties, Fioretti ordered supplies from vendors outside of Florida and worked installing high impact windows and doors. *Id.* ¶ 17.

At various times, each Plaintiff worked more than forty hours in a work week. *Id.* ¶ 22. Defendants failed to compensate Plaintiffs at one and one-half times their regular rate of pay for all hours they worked in excess of forty hours per week. *Id.* ¶¶ 23-24. The failure to pay overtime compensation was willful. *Id.* ¶ 33.

Fioretti avers that he worked as an hourly employee from August of 2007 until November of 2009, a total of 122 weeks. Doc. No. 33-5 ¶ 4. He regularly worked an average of 52 hours per week. *Id.* ¶ 5. In 2007 and the first half of 2008, his regular hourly wage was $13.50 per hour. *Id.* ¶ 6. For the second half of 2008 through November of 2009, his regular hourly wage was $17.00 per hour. *Id.* Defendants paid him straight-time compensation for all hours he worked. *Id.* ¶ 7. He avers he is owed the overtime premium of one-half his regular hourly rate for 460.50 hours of overtime worked between August 1, 2007 and November 30, 2009. He calculates this amount owed to be $3,394.60. *Id.* ¶¶ 9-11. He also attests that he is entitled to liquidated damages in the amount of $3,394.60 as well. *Id.* ¶¶ 12-13.

Butts avers that he worked as an hourly employee from September 2004 until August 2009, at total of 260 weeks. Doc. No. 33-6 ¶ 4. He regularly worked an average of 56 hours per week. *Id.* ¶ 5. His regular hourly rate was $25.00 per hour. *Id.* ¶ 6. He was paid stright-time compensation for all hours he worked. *Id.* ¶ 7. He avers he is owed the overtime premium of one-half his regular hourly rate for 2,224 hours of overtime he worked between January 13, 2007, three years before this case was first filed, through August 2009. He calculates the amount owed to be $27,800.00. *Id.* ¶ 8-11. Butts also attests that he is entitled to $27,800.00 in liquidated damages. *Id.* ¶ 12-13.

**III.    STANDARD OF REVIEW.**

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Fed. R. Civ. P. 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.*

The plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated its duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Potter Co.*, 328 U.S. 680, 687 (1946)). If the employer

does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999).

**IV. ANALYSIS.**

    *A. Damages.*

To establish a claim for payment of overtime compensation under the FLSA, Plaintiffs must establish the following:

> First, that they were employed by Defendants during the time period involved;
>
> Second, that they were engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and
>
> Third, that the Defendants failed to pay the overtime compensation required by law.

*See* Eleventh Circuit Pattern Jury Instructions-Civil 1.7.1 (2005).

By defaulting, Defendants admit that they employed Plaintiffs during the relevant time periods. They also admit they failed to pay Plaintiffs overtime compensation as required by the FLSA.

With respect to whether New South is a covered enterprise, the well-pleaded facts must establish both that New South had employees "'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce . . .'" and "had gross sales or business of at least $500,000." *Id.* (quoting 29 U.S.C. § 203(s)(1)(A)). By failing to respond to the second amended complaint, New South admits that it was engaged in commerce by virtue of

its purchase and installation of high impact windows and doors manufactured outside of Florida and that it had gross sales or business of at least $500,000.00. As such, New South is a covered enterprise under the FLSA. Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986). By failing to respond to the second amended complaint, Fleischer admits that she was the owner of New South who had operational control. As such, she is also an employer under the FLSA.

Accordingly, the well-pleaded facts in the second amended complaint are sufficient to establish that New South and Fleischer are liable for violation of the overtime compensation provisions of the FLSA.

  *B.* *Damages.*

Under the FLSA, Butts and Fioretti are entitled to receive one and one-half times their respective regular hourly rate for all hours worked in excess of 40 hours per workweek. 29 U.S.C. § 207(a)(1). Each Plaintiff avers that he has already been paid straight time for all hours worked in each workweek. Therefore, each Plaintiff is entitled to only the overtime premium of one-half his regular hourly rate for his overtime work.

When a defendant's violation of the FLSA was willful, Plaintiffs may receive overtime compensation for up to three years before the date on which the case was filed. *See* 29 U.S.C. § 255. By failing to respond to the second amended complaint, Defendants admit that their failure

to pay the overtime premium required by the FLSA was willful. Therefore, Plaintiffs may recover for any overtime work after January 13, 2007, three years before this case was first filed.

When, as here, Defendants fail to establish that their failure to comply with the FLSA was in good faith, Plaintiffs are also entitled to liquidated damages in an amount equal to the overtime compensation due but unpaid. 29 U.S.C. § 261(b); *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n. 18 (5th Cir. 1979).

        1.        Fioretti.

Although Fioretti avers that he worked an average of 52 hours of overtime a week from an unstated day in August 2007 through an unstated day in November 2009, he calculated the overtime compensation due on more specific estimates of his overtime hours. He estimates that he worked 90.45 hours of overtime in 2007, 206.50 hours of overtime in the first half of 2008, 62.80 hours of overtime in the last half of 2008, and 100.75 hours of overtime in 2009. Doc. No. 33-5 at 5. Because Defendants have not shown that they have records establishing the exact amount of overtime Fioretti worked, the Court will accept Fioretti's estimate of the weeks he worked for purposes of the damages calculation.

Fioretti avers that he was paid $13.50 per hour through the first half of 2008. Accordingly, the overtime premium he is owed for this period is one-half the regular hourly rate, $6.75. The overtime premium is calculated by multiplying the overtime hours worked during this period (90.45 + 206.50 = 296.95) by the overtime premium rate ($6.75) resulting in the total overtime compensation due for this period of $2,004.41.

Fioretti avers that he was paid $17.00 per hour for his work in the last half of 2008 through November 2009. Accordingly, the overtime premium he is owed for this period is one-half the

-7-

regular hourly rate, $8.50. The overtime premium is calculated by multiplying the overtime hours worked during this period (62.80 + 100.75 = 163.55) by the overtime premium rate ($8.50) resulting in the total overtime compensation due for this period of $1,390.18.

In total, the overtime compensation due to Fioretti is $3,394.59. He is due an equal amount of liquidated damages. Therefore, the total owed to Fioretti by Defendants is $6,789.18.

    2.    <u>Butts</u>.

Butts avers that he worked 139 weeks of overtime from January 2007 through August 2009. By the Court's calculation, however, there are only 136 work weeks from January 13, 2007 (three years before the complaint was filed) through August 31, 2009. Butts avers that he regularly worked an average of 16 hours of overtime per week which, multiplied by 136 work weeks, would total 2176 hours of overtime. Because Defendants have not shown that they have records establishing the exact amount of overtime Butts worked, the Court will accept Butts' estimate of the overtime hours he worked for purposes of the damages calculation.

Butts avers that he was paid $25.00 per hour for all of his work. Accordingly, the overtime premium he is owed for this period is one-half the regular hourly rate, $12.50. The overtime premium is calculated by multiplying the overtime hours worked (2176 hours) by the overtime premium rate ($12.50) resulting in the total overtime compensation due for this period of $27,200.00. Butts is entitled to an equal amount in liquidated damages. Therefore, the total owed to Butts by Defendants is $54,400.00.

*C.    Costs.*

Counsel for Plaintiffs seeks an award of $1,260.72 in costs incurred. She provides a cost ledger showing $625.00 in service of process fees, $22.40 in copying costs, and $350.00 in filing fees, for a total of $997.40. These are taxable costs under 28 U.S.C. § 1920.

Counsel for Plaintiffs also seeks compensation for telephone charges, computerized legal research, courier fees and travel. These expenses are not taxable costs and, therefore, are not compensable. *See, e.g., Gant v. Kash N' Karry Food Stores, Inc.*, No. 8:07-cv-2086-T-33EAJ, 2010 WL 4393222  (M.D. Fla. Oct. 31, 2010).

**V.    RECOMMENDATION.**

Based upon the foregoing, I respectfully recommend the Court do the following:

1. **FIND** that Defendants are jointly and severally liable to pay the total sum of $6,789.18 to Plaintiff John Fioretti;

2. **FIND** that Defendants are jointly and severally liable to pay the total sum of $54,400.00 to Plaintiff James Butts;

3. **FIND** that Defendants are jointly and severally liable to pay $997.40 to counsel for Plaintiffs;

4. **PROHIBIT** counsel for Plaintiffs from collecting an attorney's fee or other costs from Plaintiffs;

5. **REQUIRE** counsel for Plaintiffs to provide a copy of the Court's order to Plaintiffs; and,

6. **DIRECT** the Clerk of Court to issue a judgment consistent with its Order on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 13, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy